**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NAKITA NICOLE HUTCHINSON and ) <br> SHUNTA LASHUN SMITH, ) <br> individually and as beneficiaries ) <br> of life insurance policies issued to ) <br> BUILDING MATERIALS ) <br> CORPORATION OF AMERICA ) <br> d/b/a GAF MATERIALS ) <br> CORPORATION by HARTFORD LIFE ) <br> AND ACCIDENT INSURANCE ) <br> COMPANY, ) <br>        Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RELIASTAR LIFE INSURANCE ) <br> COMPANY; BUILDING MATERIALS ) <br> CORPORATION OF AMERICA d/b/a ) <br> GAF MATERIALS CORPORATION; ) <br> and VIRGINIA WILSON a/k/a VIRGINIA ) <br> DARDEN a/k/a VIRGINIA HENDERSON, ) <br>        Defendants. ) | 3:06-CV-1122-B <br> ECF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the March 30, 2007 Motion for Summary Judgment of Building Materials Corporation of America d/b/a/ GAF Materials Corporation ("GAF") to the United States Magistrate Judge for findings, conclusions, and recommendation. The deadline for filing a response expired, and Plaintiffs failed to respond.

**Background**

Plaintiffs Nakita Hutchinson ("Hutchinson") and Shunta Smith ("Smith") are suing to recover life insurance benefits of their father, Mr. Lonnell Henderson ("Mr. Henderson"), who died on August 4, 2005. Hutchinson and Smith allege that their father told them that they were the named beneficiaries of the life insurance provided by his employer's employee welfare benefit plan.

Hutchinson and Smith claim that their stepmother, Mrs. Virginia Henderson ("Mrs. Henderson"), exerted undue influence upon their father when he was weakened by his illness and caused him to remove them as the beneficiaries to his life insurance. Mrs. Henderson alleges that she is entitled to the life insurance benefits as the named beneficiary. ReliaStar Life Insurance Company ("ReliaStar") acknowledges that Mr. Henderson's basic life insurance benefits are due and payable and has requested to pay the benefits into the Court Registry because it cannot pay either Plaintiffs or Mrs. Henderson without subjecting itself to multiple liability. Plaintiffs did not file a claim with ReliaStar for Mr. Henderson's life insurance benefits. Rather, Plaintiffs sued ReliaStar, GAF, and Mrs. Henderson for a declaratory judgment and an injunction prohibiting ReliaStar and GAF from distributing the proceeds of Mr. Henderson's life insurance policy to Mrs. Henderson. Plaintiffs also make vague references to breach of certain alleged duties that they claim GAF owed Plaintiffs. However, the only relief that Plaintiffs seek against GAF is a Court order that: (1) setting aside any beneficiary designation by Mr. Henderson after May 23, 2005; and (2) prohibiting ReliaStar and GAF from disbursing any life insurance proceeds to any beneficiary until the Court makes specific findings regarding Mr. Henderson's capacity to change his beneficiary. (Am. Pet. ¶¶ 6.01-6.02.)

GAF seeks summary judgment on the ground that Plaintiffs cannot present any valid summary judgment evidence to support their requested relief against GAF.

## Undisputed Material Facts

GAF employed Mr. Henderson from March 5, 1990, until his death on August 4, 2005. (GAF App. 1, Rice. Aff.) Mr. Henderson participated in GAF's life insurance group policy ("Group Policy"). (GAF App. 4.) Mr. Henderson's anniversary date was January 1, 2004. (*Id.*) ReliaStar issued to Mr. Henderson GAF's Group Policy and certificate listing the benefits, terms, and

conditions of his participation in the Group Policy. (GAF App. 6.)

GAF has no authority to determine beneficiaries, disburse proceeds, or examine claims under the Group Policy. (GAF App. 10, 12, 20.) ReliaStar has sole authority under the Group Policy to pay benefits, change beneficiaries, determine beneficiaries, decide the scope of coverage, and handle claims. (*Id.*)

## Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little,* 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgement is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla'

3

of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.

Plaintiffs' lack of response to GAF's Motion means that Plaintiffs have not designated specific facts showing that there is a genuine issue for trial. They are relegated to their unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir. 1991)). Although Plaintiffs' failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence that GAF presented as undisputed. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Accordingly, this Court accepts GAF's evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.17 (5th Cir. 1992) (same).

## Analysis

### Declaratory Judgment Against GAF

The Declaratory Judgment Act provides that "[i[n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations

4

of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C.A. § 2201(a) (2006). For a declaratory judgment to issue, there must be a dispute between the interested parties which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937). *See also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The "case of actual controversy" requirement under the Declaratory Judgment Act is conterminous with Article III's "case or controversy" requirement. *Hosein v. Gonzales*, 452 F.3d 402, 403 (5th Cir. 2006) (citing *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).

> Proof of a case or controversy requires a litigant to show that: (1) he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant [injury in fact]; (2) that the injury fairly can be traced to the challenged action [causation]; and (3) that the injury is likely to be redressed by a favorable decision [redressability].

*Lawson*, 111 F.3d at 404-405 (internal quotation marks omitted) (brackets in original). GAF has pointed to the lack of record evidence showing that an actual case or controversy exists between Plaintiffs and GAF. The record contains (1) no evidence that Plaintiffs have suffered or will suffer an injury in fact as a result of GAF's conduct and (2) no evidence that Plaintiffs' alleged injuries are likely to be redressed by a decision in favor of Plaintiffs against GAF. GAF has no authority to determine the proper beneficiary or beneficiaries, or disburse the proceeds of the policy. (GAF App. 10, 12, 20.) Plaintiffs are not entitled to a declaratory judgment against GAF.

### Injunctive Relief Against GAF

Plaintiffs allege that they are entitled to a permanent injunction enjoining GAF and others from interfering with Plaintiffs' filing claim forms and collecting their life insurance proceeds and Mr. Henderson's other assets; and/or interfering with Plaintiffs' recovering damages from

5

Defendants under the principles of equity and statutes of this state including Texas Insurance Code penalties and attorney fees for not timely paying insurance claims to Plaintiffs. Plaintiffs' state law claims are preempted by ERISA. 29 U.S.C. § 1144(a); *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 45 (1987). This Court recommended that the District Court grant ReliaStar's request to interplead the life insurance proceeds into the Court Registry pending a determination by the District Court of Plaintiffs' and Mrs. Henderson's claims to the proceeds. (FC&R of USMG on ReliaStar's MSJ.) Accordingly, GAF's claim for a permanent injunction is moot in light of the subsequent developments in this case.

## Recommendation

This Court respectfully recommends that the District Court grant GAF's motion for summary judgment and dismiss Plaintiffs' claims against GAF with prejudice.

SO RECOMMENDED, July 31, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).