UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKITA NICOLE HUTCHINSON, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:06-CV-1122-B ECF |
| RELIASTAR LIFE INSURANCE COMPANY, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Loya & Associates First Amended Motion to Intervene and Memorandum in Support (doc. 51 ). None of the parties have filed a response to this Motion. For the reasons that follow, the Court finds that the Motion to Intervene should be **GRANTED**.

### I. Background

On September 5, 2006, Plaintiffs Nakita Nicole Hutchinson ("Hutchinson") and Shunta Lashun Smith ("Smith") sued Hartford Life and Accident Insurance Company ("Hartford"), Building Materials Corporation of America d/b/a GAF Materials Corporation ("GAF"), and Virginia Wilson ("Wilson") in state court to determine their rights to the proceeds from their father Lonnell Henderson's life insurance policy. On December 13, 2005, the Court approved the nonsuit of Hartford, and on May 25, 2006, the Plaintiffs filed an amended petition adding Reliastar Life Insurance Company ("Reliastar") as a defendant. The case was removed to federal court on June 23, 2006. On September 12, 2007, this Court adopted the Findings, Conclusions, and Recommendations of the Magistrate Judge Regarding the Motion for Summary Judgment of Reliastar

Life Insurance Company (doc. 32) and the Findings, Conclusions, and Recommendations of the United States Magistrate Judge Regarding the Motion for Summary Judgment of Building Materials Corporation of America (doc. 33). Accordingly, GAF's motion for summary judgment was granted, and Plaintiffs' claims against GAF were dismissed with prejudice. In addition, Reliastar's motion for summary judgment was granted, and Plaintiffs' claims against Reliastar were dismissed with prejudice. The Court also held that Reliastar was entitled to claim interpleader and was permitted to deposit the basic life insurance benefits payable on Mr. Henderson's death into the Court registry so that the Court may distribute the funds to whomever it determines to be the proper beneficiary. The Court is currently attempting to make a determination of whether Plaintiffs or Defendant Henderson are entitled to those funds.

According to Raul Loya ("Loya"), he represented Henderson in this matter from its inception until Henderson's new attorney, Marilynn S. Mayse ("Mayse") was substituted on November 19, 2007. Loya claims that Henderson entered a contingent fee contract with him granting an attorney lien for any payment or proceeds from this case. Loya filed the instant Motion to Intervene to protect his interest in any proceeds obtained by Henderson.

## II. Analysis

An applicant may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if one: (1) timely files an application; (2) has an interest in the subject matter of the action; (3) shows that the disposition of the action may impair or impede the protection of that interest; and (4) shows that the existing parties to the action will not adequately represent that interest. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002). The would-be intervenor bears the burden of demonstrating an entitlement to intervene and must satisfy *all* of the above requirements.

*Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). The inquiry is a flexible one and "must be measured by a practical rather than technical yardstick." *Id.* (quoting *United States v. Allegheny Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

Loya claims that his motion is timely because he was the attorney of record as of November 19, 2007, and he attempted to resolve the matter without intervention before filing this motion. Loya also claims that he has a substantial interest in the subject matter of the lawsuit because he has a contractual lien regarding the specific funds in this case. Loya further claims that his ability to protect his interest will be impeded because he has unsuccessfully attempted to negotiate an assignment of rights with Henderson and her attorney.

The Fifth Circuit has addressed this situation in which a terminated attorney files a motion to intervene to protect his or her interest under a contingent fee agreement and has found that intervention should be allowed. *See Williams v. Remington Arms Co.*, 2006 WL 2993253, at *1("In the Fifth Circuit, a discharged attorney initially retained on a contingent fee basis can intervene as of right in an action in order to protect his interests under the contingent fee contract."). For example, in *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970), after entering a contingent fee contract with his original law firm, the plaintiff dismissed the original law firm and substituted another law firm as counsel. The district court denied the original law firm's motion to intervene, and the law firm appealed. *Id.* at 53. The Fifth Circuit reversed the district court and found intervention of right appropriate:

> We think it clear that the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc., and is so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest. Neither of the existing parties is concerned with protecting the appellant's interest.

*Id.* at 54 (citations omitted). While this Fifth Circuit rule has been criticized, it remains the law of the Circuit. *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986) ("Although *Gaines* may not represent the most persuasive use of Fed.R.Civ.P. 24, it binds us as the law of this Circuit until modified en banc."); *Gilbert v. Johnson*, 601 F.2d 761, 768 (5th Cir. 1979) (Rubin, J., concurring) ("These views appear to be binding on us, but I hope that they will be reconsidered some day lest the practice of intervention permitted to lawyers formerly employed by a litigant unnecessarily adds to the length and complexity of trials."); *Williams*, 2006 WL 2993253, at *1 (N.D. Tex. 2006) ("This rule . . . has been questioned, but it remains the law of the circuit.").

Turning to the instant case, the Court finds that Loya's motion was timely. Mayse was substituted as attorney on November 19, 2007, and Loya filed his motion to intervene on January 14, 2008. The Court appreciates Loya's efforts to negotiate with Henderson and Mayse between November 19 and January 14 and does not consider this to be a delay in filing his motion to intervene. The facts of this case are not distinguishable from *Gaines* and under the rule of that case, Loya has an interest in the subject matter of the action, the disposition of the action may impair or impede the protection of that interest, and the existing parties would not represent that interest. Having satisfied the four requirements of intervention as of right under Rule 24(a)(2), Loya's motion to intervene is **GRANTED**. Loya should file his Complaint in Intervention within three days of the date of this Order.

### III. Conclusion

For the reasons discussed in this Order, Loya's Motion to Intervene is **GRANTED**. Loya is **DIRECTED** to file his Complaint in Intervention within three days of the date of this Order.

SO ORDERED

SIGNED February 20, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE